UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OLIVER WHITE,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY<br><br>and<br><br>METRO TRANSIT POLICE<br>DEPARTMENT | Civil Action No. 17-cv-0735 (TSC) |

## MEMORANDUM OPINION

Plaintiff Oliver White alleges that Defendants violated the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Amendments Act ("ADAAA"), 42 U.S.C. § 1983, and the District of Columbia Human Rights Act ("DCHRA"). (ECF No. 1-1). Defendants have moved for dismissal of all claims under Fed. R. Civ. P. 12(b)(1), alleging that Defendant Washington Metropolitan Area Transit Authority ("WMATA") is entitled to sovereign immunity and that Defendant Metro Transit Police Department ("MTPD") is merely a department within WMATA, not a separate legal entity. Plaintiff has also filed a motion for leave to amend his complaint to add claims for hostile work environment and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), which WMATA opposes. For the reasons stated below, Plaintiff's motion for leave to amend his complaint is GRANTED. Defendants' motion to dismiss

1

for lack of subject matter jurisdiction is also GRANTED as to Plaintiff's claims under the ADA/ADAAA, the DCHRA, and § 1983.

## I. BACKGROUND

Plaintiff has been employed as an officer at MTPD since 2005. Plaintiff suffers from a medical condition characterized by low blood circulation and impotence. He takes prescription medication—including injectable medication—for his ailment. (Compl. ¶¶10–13, 18 ECF No. 1-1). On October 25, 2015, MTPD placed Plaintiff under investigation following an allegation of steroid use. (ECF No. 1-1 ¶14). Plaintiff denied the allegation at an interview with representatives of MTPD's Office of Professional Responsibilities and Inspections, informing them that he only used a prescribed injectable medication. (ECF No. 1-1 ¶¶15–18). After the interview, MTPD required Plaintiff to undergo a fitness for duty and psychological evaluation and to meet with a counselor. (ECF No. 1-1 ¶23). On December 19, 2015, Plaintiff was required to undergo a random urinalysis, and on December 28, 2015, he was cleared of the allegation of steroid use. (ECF No. 1-1 ¶¶25–26). He did however receive a 15-day suspension for failing to report his use of prescription drugs, as required by MTPD policy. (ECF No. 1-1 ¶¶27–28). Plaintiff alleges that he suffered from esophagitis caused by stress during this period. (ECF No. 1-1 ¶31).

Upon Plaintiff's return to work on January 26, 2016, MTPD required him to undergo a random urinalysis, and another on May 14, 2016. (ECF No. 1-1 ¶¶32, 36). Plaintiff further alleges that his supervisor acknowledged receipt of a discrimination charge from the EEOC on March 30, 2016. (ECF No. 1-1 ¶35). He also alleges that on one occasion his supervisors told him that they were going to "fuck with [him] bad." (ECF No. 1-1 ¶34). Plaintiff filed the original complaint in

the Superior Court of the District Columbia on March 8, 2017. (ECF No. 1 at 1). The case was removed to federal court. (ECF No. 4).

## II. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) "presents a threshold challenge to the court's jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). The court "presume[s] that a cause lies outside [its] limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994), and accordingly, "the plaintiff bears the burden of establishing the court's jurisdiction by a preponderance of the evidence." *Morrow v. United States*, 723 F. Supp. 2d 71, 76 (D.D.C. 2010) (citing *Moore v. Bush*, 535 F. Supp. 2d 46, 47 (D.D.C. 2008)). While a court is not limited to the factual allegations in the complaint when ruling upon a motion to dismiss for lack of subject matter jurisdiction, *see Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005), it must accept those allegations as true. *Attias v. Carefirst, Inc.*, 865 F.3d 620, 627 (2017) (noting that consideration of a 12(b)(1) motion to dismiss "start[s] with the familiar principle that the factual allegations in the complaint are assumed to be true").

## III. DISCUSSION

The amendment of pleadings is governed by Rule 15(a), which provides that "[t]he court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), and instructs district courts "to determine the propriety of amendment on a case by case basis." *Harris v. Sec'y, United States Dep't of Veterans Affairs*, 126 F.3d 339, 344 (D.C. Cir. 1997). Justifications for denial of leave may include undue delay, bad faith, repeated failure to cure deficiencies in a pleading, undue prejudice to the opposing party, and futility of amendment. *Id.* at 344 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The non-movant typically bears the burden of

persuading the court to deny leave to amend. *Nwachukwu v. Karl*, 222 F.R.D. 208, 211 (D.D.C. 2004). Here, WMATA has not (1) identified any evidence of bad faith, or (2) provided any specific contentions to support their claim that amendment would be futile. Moreover, since the court will afford WMATA the opportunity to fully brief the newly added claims via an additional motion to dismiss, there is also no showing of prejudice at this early procedural stage. Accordingly, the court grants Plaintiff's motion for leave to amend the complaint.

In addition to the two new claims under Title VII, Plaintiff's Amended Complaint alleges six claims against WMATA: two (Counts IV and VI) under the DCHRA; three (Count I for declaratory judgment, Count III for money damages, and Count V for money damages) under the ADA/ADAAA; and one (Count II) under 42 U.S.C. § 1983.[1] For the reasons set forth below, the court finds that WMATA is (1) not subject to claims brought pursuant to state law, (2) immune from claims brought under the ADA/ADAAA, and (3) not a "person" within the meaning of § 1983 and therefore ineligible to be sued under that statute. The court also finds that since MTPD is a department within WMATA and not a separate entity, it cannot be sued separately. *Cf. Fields v. D.C. Dep't of Corr.*, 789 F. Supp. 20, 22 (D.D.C. 1992) ("It is well established, however, that agencies and departments within the District of Columbia government are not suable as separate entities.") (citing *Byrd v. District of Columbia,* 1991 WL 336038, 119 U.S. LEXIS 12775 at *7 (D.D.C. Sept. 12, 1991); *Roberson v. District of Columbia Board of Higher Education,* 359 A.2d 28, 31 n.4 (D.C. 1976)); *see also Brown v. Metro Transit Police Dep't*, 87 F. Supp. 3d 145, 146

---

[1] Plaintiff's filings regarding his Amended Complaint appear to equivocate as to whether he maintains a claim under 42 U.S.C. § 1983 or asserts a new claim under 42 U.S.C. § 1981. *Compare* (ECF No. 8-4 at 6) *with* (ECF No. 8-2 at 6). This opinion therefore addresses claims brought under either statute.

(D.D.C.), *aff'd*, 637 F. App'x 3 (D.C. Cir. 2016) (construing suit against MTPD as suit against WMATA). Accordingly, all claims against MTPD are dismissed as a matter of law.

**A. DCHRA CLAIMS**

WMATA is the creation of an interstate compact ("the Compact") signed by Maryland, Virginia, and the District of Columbia. It is therefore an instrumentality of those jurisdictions. *Ndzerre v. Wash. Metro Area Transit Auth.*, 174 F. Supp. 3d 58, 64 (D.D.C. 2016); *see also Sanders v. Wash. Metro Area Transit Auth.*, 819 F.2d 1151, 1154 (D.C. Cir. 1987). As other courts in this district have noted, the Compact itself clarifies that "one signatory may not impose its legislative enactment upon the entity created by it without the express consent of the other signatories and the Congress of the United States." *Lucero-Nelson v. Wash. Metro. Area Transit Auth.*, 1 F. Supp. 2d 1, 7 (D.D.C. 1998) (citing *OPIEU, Local 2 v. WMATA*, 724 133, 139 (D.C. Cir. 1983)); *see also* D.C. Code § 9–1107.01 (2017) (noting that WMATA is "exempt from all laws, rules, regulations and orders of the signatories" in relation to transit services rendered). Plaintiff's Amended Complaint contains no indication that Maryland and Virginia have consented to suit under the DCHRA. *Taylor v. WMATA*, 109 F. Supp. 2d 11, 18 (D.D.C. 2000) ("It is well established that WMATA is not subject to the DCHRA because WMATA is an interstate compact agency and instrumentality of three separate jurisdictions."); *Sampson v. WMATA*, No. Civ. A. No. 04-1767, 2005 WL 3276277, at *3 (D.D.C. 2005) ("Because there is no indication that Virginia and Maryland have consented to the application of District of Columbia law… [it] does not apply to WMATA."). Accordingly, Plaintiff's DCHRA claims are dismissed for lack of subject matter jurisdiction.

## B. ADA CLAIMS

    1. <u>Money Damages</u>

The D.C. Circuit has consistently held that WMATA is immune from suit under the Eleventh Amendment because the Compact signatories conferred their respective immunities upon it. *Barbour v. Wash. Metro. Area Transit Auth.*, 374 F.3d 1161, 1163 (D.C. Cir. 2004) ("WMATA, a mass transit system for the District of Columbia and surrounding suburban areas, was created by an interstate compact among Maryland, Virginia, and the District of Columbia, and enjoys the Eleventh Amendment immunity of the two signatory states."); *Jones v. Wash. Metro Area Transit Auth.*, 205 F.3d 428, 432 (D.C. Cir. 2000) ("We have consistently recognized that in signing the WMATA Compact, Virginia and Maryland each conferred its immunity upon WMATA, which therefore enjoys, to the same extent as each state, immunity from suit in federal court based on its performance of governmental functions."); *Morris v. WMATA*, 781 F.2d 218, 219–20 (D.C. Cir. 1986) ("WMATA's sovereign immunity exists because the signatories have successfully conferred their respective sovereign immunities upon it.").

There are two circumstances in which a private individual can sue a state despite Eleventh Amendment immunity: (1) where a state consents to suit, thus waiving its immunity; or (2) where Congress abrogates the immunity by exercising its enforcement power under Section 5 of the Fourteenth Amendment. *See College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999) (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976); *Clark v. Barnard*, 108 U.S. 436, 447–48 (1883)). There is no indication of waiver in this case. Moreover, the Supreme Court ruled in *Board of Trustees v. Garrett*, 531 U.S. 356 (2001) that Congress's attempt to abrogate states' sovereign immunity in Title I of the ADA exceeded Congress's authority under

6

Section 5. *Id.* at 368, 374 & n.9. Thus, private individuals may not recover money damages from a state in federal court under Title I of the ADA. *See id.*; *Barbour* 374 F.3d at 1176 (noting that while the Court in *Tennessee v. Lane* upheld the abrogation in Title II of the Americans with Disabilities Act, the Court's prior decision in *Garrett*, "that Congress exceeded its enforcement power under Title I of the ADA by subjecting states to suits for money damages for disability discrimination in employment," remained in effect).

Title I of the ADA addresses discrimination against the disabled in employment, while Title II addresses discrimination against the disabled in public services, programs, and activities. *Barbour*, 374 F.3d at 1176. While Plaintiff does not specify the Title under which he seeks relief, the substance of the allegations makes clear that the ADA claim concerns Title I's prohibition on disability discrimination in employment. Accordingly, Plaintiff's suit for money damages under the ADA is barred by WMATA's Eleventh Amendment immunity, *id.*, and is therefore dismissed for lack of subject matter jurisdiction.

2. Declaratory Relief

While suits against state officials seeking prospective relief for violations of federal law may be permissible in federal court, *see Ex Parte Young*, 209 U.S. 123, 155–57 (1908); *Edelman v. Jordan*, 415 U.S. 651, 664–68 (1974) (distinguishing between prospective and retroactive relief in determining whether suit nominally against individual officials is in fact against the state); *Garrett*, 531 U.S. at 374 n. 9, suits against a state (or an arm thereof) in its own right are barred, regardless of the type of relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996) ("[W]e have often made it clear that the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment.") (citing *Cory v. White*,

457 U.S. 85, 90 (1982) ("It would be a novel proposition indeed that the Eleventh Amendment does not bar a suit to enjoin the State itself simply because no money judgment is sought.")). WMATA is an arm of the state, and Plaintiff has sued WMATA in its own right, naming no individual officials. Accordingly, Plaintiff's request for a declaratory judgment under the ADA is barred by WMATA's Eleventh Amendment immunity, and is therefore dismissed for lack of subject matter jurisdiction.

**C. § 1983 CLAIM**

It is well established that neither states nor official state actors qualify as "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Since WMATA is an arm of the state, it does not qualify as a "person" within the meaning of § 1983, and cannot be sued under that statute. *See Disability Rights Council of Greater Washington v. Washington Metro. Area Transit Auth.*, 239 F.R.D. 9, 20 (D.D.C. 2006) (dismissing § 1983 count because WMATA is not a "person" within meaning of the statute); *Lucero-Nelson v. Washington Metro. Area Transit Auth.*, 1 F. Supp. 2d 1, 7 (D.D.C. 1998) ("[T]he Court is persuaded that as an arm of the state WMATA is not a 'person' within the meaning of the statute."); *see also Cutchin v. D.C.*, 174 F. Supp. 3d 427, 430 (D.D.C. 2016) (same); *Tapp v. Washington Metro. Area Transit Auth.*, No. 15-CV-0768 (KBJ), 2016 WL 7441719, at *7 (D.D.C. Sept. 30, 2016) (same). Furthermore, to the extent that Plaintiff's Amended Complaint replaces or supplements his claim under § 1983 with a claim under 42 U.S.C. § 1981, that claim is precluded for the same reasons. *Thompson v. Wash. Metro. Area Transit Auth.*, No. 01-7026, 2001 WL 1154420, at *1 (D.C. Cir. Aug. 9, 2001) (affirming dismissal of § 1981 claims against WMATA

due to Eleventh Amendment immunity) (citing *Johnson v. Univ. of Cincinnati*, 215 F.3d 561 (6th Cir.), *cert denied,* 121 S. Ct. 561 (2000)).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend the complaint (ECF No. 8) is hereby GRANTED. Defendants' motion to dismiss for lack of subject matter jurisdiction is also GRANTED as to all claims arising under the DCHRA, Title I of the ADA/ADAAA, and 42 U.S.C. § 1983 and/or § 1981. Defendants will have the opportunity to file and brief an additional motion to dismiss Plaintiff's newly added claims under Title VII.

Date: March 31, 2018

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge