UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**OLIVER WHITE**,

    Plaintiff,

v.

**METRO TRANSIT POLICE DEPARTMENT,** et al.,

    Defendants.

Civil Action No.17-cv-735 (TSC)

## MEMORANDUM OPINION

Before the court is Defendant's Motion to Dismiss Plaintiff's complaint. ECF No. 14. For the reasons set forth below, the court will grant the motion.

### I. BACKGROUND

Plaintiff Oliver White sued his employer, the Washington Metropolitan Area Transit Authority ("WMATA"), alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1983, and the District of Columbia Human Rights Act ("DCHRA"). ECF No. 1–1. Although Plaintiff indicated in the introductory paragraph of the Complaint that he was asserting Title VII claims, 42 U.S.C § 2000e *et seq.*, he did not include a count pursuant to Title VII, nor include any allegations to support such a claim. WMATA filed a motion to dismiss the complaint, ECF No. 5, and Plaintiff responded with a motion for leave to file an amended complaint that included counts pursuant to Title VII. *See* ECF No. 8–2 ¶¶ 78–92.

The court granted Plaintiff's motion to amend to add the Title VII counts and, simultaneously, granted WMATA's motion to dismiss Plaintiff's ADA, DCHRA, and § 1983

claims. *White v. Washington Metro. Area Transit Auth.*, No. 17-cv-0735 (TSC), 2018 WL 1583313, at *1 (D.D.C. Mar. 31, 2018). The court allowed WMATA to separately and more fully brief the issue of whether the Title VII claims are viable. *Id.*

WMATA filed its motion to dismiss Plaintiff's Title VII claims on April 12, 2018. ECF No. 14. Under this Court's Local Rules, oppositions to motions must be filed within fourteen days after service of the motion. LCvR 7(b). As of this writing, Plaintiff has not responded to WMATA's motion, nor sought an extension of time in which to do so.

## II. LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim tests the legal sufficiency of a complaint. *See Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when the factual content allows the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plaintiff's factual allegations do not need to be "detailed," but "the Federal Rules demand more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *McNair v. D.C.*, 213 F. Supp. 3d 81, 86 (D.D.C. 2016) (citing *Twombly*, 550 U.S. at 570)).

## III. ANALYSIS

Plaintiff has failed to plead facts to support his Title VII claims. Plaintiff alleges that he is African-American, but makes no other allegations about race or any alleged racially motivated mistreatment. Instead, he pleads facts related to his disability, and

alleges that WMATA discriminated against him because of that disability. For instance, under one Title VII count, he alleges that he has a "certified disability" and that WMATA created a hostile work environment by subjecting him to unwarranted drug tests, suspending him and otherwise penalizing him, but he does not associate this alleged conduct with his race. Amend. Compl. ¶¶ 79, 81. He does not allege, for example, that his supervisors are of a different race and that they discriminated against him because of his race, or that others outside his protected class were treated more favorably. *See, e.g., McNair,* 213 F. Supp. 3d at 86–87 (allowing Title VII complaint to go forward, even though it lacked "specifics," because the plaintiff alleged that the employer allowed others outside of her race to work from home, but refused her request to do so). Accordingly, Plaintiff has not pleaded facts from which this court might "draw the reasonable inference," *Twombly*, 550 U.S. at 570, that Plaintiff's protected status was the reason for his alleged mistreatment.

### IV. CONCLUSION

For the reasons set forth above, the court will grant WMATA's motion insofar as it seeks dismissal of Plaintiff's Title VII claims, but the court will deny the motion insofar as WMATA asks for dismissal with prejudice. *See Belizan v. Hershon*, 434 F.3d 579, 583 (D.C. Cir. 2006) ("[A] complaint that omits certain essential facts and thus fails to state a claim warrants dismissal pursuant to Rule 12(b)(6) but not dismissal with prejudice.").

Date: May 15, 2018

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge